UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ONESTAR LONG DISTANCE, INC., | ) | CASE NO. 03-72697 |
| | ) | |
| Debtor. | ) | HON. BASIL H. LORCH, III |
| | ) | |
| ELLIOTT D. LEVIN, in his capacity as Chapter 7 Trustee for ONESTAR LONG DISTANCE, INC., | ) ) ) | ADVERSARY PROCEEDING NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OUTPUT SERVICES GROUP, INC., a/k/a OSG BILLING SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT UNDER §§ 547, 549, AND 550 OF THE
BANKRUPTCY CODE TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS AND UNAUTHORIZED POST-PETITION TRANSFERS**

COMES NOW Elliott D. Levin, in his capacity as Chapter 7 trustee (hereinafter, "Plaintiff" or "Trustee") for OneStar Long Distance, Inc., the debtor herein ("OneStar" or the "Debtor"), and files this his Complaint Under §§ 547, 549, and 550 of the Bankruptcy Code to Avoid and Recover Preferential Transfers and Unauthorized Post-Petition Transfers against Output Services Group, Inc., a/k/a OSG Billing Services (herein, "OSG" or the "Defendant"), and in support thereof, respectfully shows the Court as follows:

9090991.1

**Bankruptcy Filing and Case Background**

1.

On December 31, 2003 (the "Involuntary Petition Date"), an involuntary bankruptcy petition was filed against OneStar under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code"). On February 3, 2004, OneStar filed a consent for entry for relief under Chapter 7 and a request to convert the bankruptcy case to Chapter 11. On February 3, 2004, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code against OneStar and also converted OneStar's Chapter 7 case to Chapter 11.

2.

On February 25, 2004, the Office of the United States Trustee, in accordance with § 1102(a)(1) of the Bankruptcy Code, appointed an Official Committee of Unsecured Creditors (the "Committee"). On September 28, 2004, the Committee filed a motion to appoint a Chapter 11 trustee or, alternatively, convert the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. This Court granted that motion and converted the Debtor's case to Chapter 7 by order entered January 12, 2005, with such conversion being effective January 13, 2005.

3.

After conversion of the Debtor's case to Chapter 7, the Plaintiff was elected Chapter 7 Trustee for the Debtor on February 10, 2005.

**Jurisdiction and Venue**

4.

The United States District Court for the Southern District of Indiana has jurisdiction over this adversary proceeding and the Defendant herein pursuant to 28 U.S.C. §§ 1334(b) and (e), as this adversary proceeding arises in and is related to <u>In re OneStar Long Distance, Inc.</u>, Chapter 7 Case No. 03-72697 (the "Bankruptcy Case"), a proceeding under Chapter 7 of the Bankruptcy Code, now pending in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division (the "Bankruptcy Court"). The Bankruptcy Court has exclusive jurisdiction of all of the Debtor's property and of its estate pursuant to 28 U.S.C. § 1334(e).

5.

The United States District Court for the Southern District of Indiana under 28 U.S.C. § 157(a) has referred the Debtor's bankruptcy case and this adversary proceeding to the Bankruptcy Court.

6.

This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (F), and (O). Therefore, the Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1).

7.

Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

8.

This is a proceeding brought pursuant to §§ 547, 549, and 550 of the Bankruptcy Code.

-3-

9.

Defendant is a corporation organized under the laws of the State of New Jersey and is subject to the jurisdiction of this Bankruptcy Court.

10.

Pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, the Defendant may be served with process by mailing the summons and a copy of this complaint via United States first class mail, postage prepaid, to the attention of Mr. Mike Bonagura, President, 100 West Forest Avenue, Suite G, Englewood, NJ 07631.

## **The Debtor's Prepetition Business**

11.

The Debtor was established in 1983 with its corporate headquarters in Evansville, Indiana.  The Debtor is incorporated in the State of Indiana.  Prior to 1999, the Debtor primarily provided long distance service to small to medium sized businesses, often with multiple locations.  These businesses were concentrated in retail, manufacturing and supply, service, and realty markets.

12.

In 1999, the Debtor altered its business strategies to expand its services to include local telephone service and internet service in addition to its core long distance services.  In addition, the Debtor implemented a plan to increase its customer base and revenues through strategic mergers and acquisitions.

## COUNT I

### PREFERENTIAL TRANSFERS AVOIDABLE
### UNDER § 547(b) OF THE BANKRUPTCY CODE

13.

The Trustee repeats and realleges the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14.

On or within ninety (90) days prior to the Involuntary Petition Date, the Debtor transferred to the Defendant cash or other property of the Debtor in an aggregate amount of not less than $119,015.69 (collectively, the "Preferential Transfers").  The Preferential Transfers include the following payments:

| PAYMENT AMOUNT | CHECK NO. | CHECK CLEAR DATE | TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|
| $16,976.48 | 111090 | 10/09/03 | |
| $23,138.07 | 111305 | 10/24/03 | |
| $25,774.36 | 111503 | 11/06/03 | |
| $9,962.82 | 111650 | 11/20/03 | |
| $11,963.41 | 111694 | 12/05/03 | |
| $16,701.60 | 111880 | 12/17/03 | |
| $14,498,95 | 503 | 12/26/03 | |
| | | | $119,015.69 |

15.

The Defendant was, at the time the Debtor made the Preferential Transfers, as well as at the time the Preferential Transfers cleared the Debtor's bank account on which the

9090991.1

Preferential Transfers were drawn or otherwise made, a creditor of the Debtor, as that term is defined under the Bankruptcy Code, because of the Debtor's outstanding obligations to the Defendant.

16.

The Preferential Transfers made to the Defendant were transfers of an interest of the Debtor in property.

17.

The Preferential Transfers to the Defendant were made to or for the benefit of the Defendant, as a creditor of the Debtor.

18.

The Preferential Transfers to the Defendant were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Preferential Transfers were made.

19.

The Preferential Transfers to the Defendant were made while the Debtor was insolvent within the meaning of § 547 and § 101(32) of the Bankruptcy Code.

20.

The Preferential Transfers made to the Defendant enabled the Defendant to receive more than it would have received if the Debtor's bankruptcy case were a case under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

21.

The Preferential Transfers to the Defendant constitute avoidable preferential transfers pursuant to the provisions of § 547(b) of the Bankruptcy Code.

## COUNT II

### RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS UNDER § 550(a) OF THE BANKRUPTCY CODE

22.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.

The Defendant was the initial transferee of each of the Preferential Transfers or the entity for whose benefit such Preferential Transfers were made, and therefore, pursuant to the provisions of § 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant, for the benefit of the Debtor's estate, the property transferred or the value of the property transferred.

24.

By letter to OSG dated June 3, 2005, the Trustee, by and through counsel, made written demand to OSG for repayment of the Preferential Transfers; however, OSG has refused to comply with such demand and has failed to repay the avoidable Preferential Transfers to the Trustee on behalf of the Debtor's estate.

25.

The Trustee is entitled to recover interest on the amount of the Preferential Transfers

from and after the Defendant's receipt of demand for repayment of the avoidable Preferential Transfers.

## COUNT III

### AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS UNDER § 549(a) OF THE BANKRUPTCY CODE

26.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.

The following transfers of property of the Debtor's estate in the sum of at least $29,377.42, made from the Debtor to the Defendant, occurred after the commencement of the Debtor's bankruptcy case on the Involuntary Petition Date, which was December 31, 2003 (collectively the "Unauthorized Post-Petition Transfers"):

| PAYMENT AMOUNT | CHECK NO. OR ELECTRONIC TRANSFER | CHECK CLEAR DATE OR ELECTRONIC TRANSFER DATE | TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|
| $768.82 | 512 | 01/02/04 | |
| $10,092.63 | 1061 | 01/08/04 | |
| $18,515.97 | Electronic Transfer | 01/16/04 | |
| | | | **$29,377.42** |

28.

Upon information and belief, the Debtor received no value, including services, after the Involuntary Petition Date in exchange for the Unauthorized Post-Petition Transfers that it made to the Defendant.

-8-

9090991.1

29.

Upon information and belief, the Unauthorized Post-Petition Transfers made by the Debtor to the Defendant were not authorized under any provision of the Bankruptcy Code nor by the Bankruptcy Court.

30.

Accordingly, the Unauthorized Post-Petition Transfers may be avoided by the Trustee pursuant to § 549(a) of the Bankruptcy Code.

## COUNT IV

### RECOVERY OF AVOIDED UNAUTHORIZED POST-PETITION TRANSFERS UNDER § 550(a) OF THE BANKRUPTCY CODE

31.

The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32.

The Defendant was the initial transferee of the Unauthorized Post-Petition Transfers or the entity for whose benefit such Unauthorized Post-Petition Transfers were made, and therefore, pursuant to the provisions of § 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant, for the benefit of the Debtor's estate, the property transferred or the value of the property transferred.

33.

By letter to OSG dated June 3, 2005, the Trustee, by and through counsel, made written demand to OSG for repayment of the two (2) check payments included in the Unauthorized Post-Petition Transfers; however, OSG has refused to comply with such

-9-

9090991.1

demand and has failed to repay these two (2) avoidable Unauthorized Post-Petition Transfers to the Trustee on behalf of the Debtor's estate.

34.

The Trustee is entitled to recover interest on the amount of the Unauthorized Post-Petition Transfers from and after the Defendant's receipt of demand for repayment of the avoidable Unauthorized Post-Petition Transfers.

WHEREFORE, the Trustee prays for entry of judgment in his favor and against Defendant Output Services Group, Inc., a/k/a OSG Billing Services, providing as follows: (1) avoiding the Preferential Transfers from the Debtor to the Defendant as preferences pursuant to § 547(b) of the Bankruptcy Code; (2) holding that the Trustee is entitled to recover from the Defendant pursuant to § 550(a) of the Bankruptcy Code, for the benefit of the Debtor's estate, the sum of $119,015.69, which constitutes the amount of the Preferential Transfers made by the Debtor to the Defendant, plus interest from the date of demand for return of the Preferential Transfers, and also the Trustee's costs and expenses incurred herein; (3) avoiding the Unauthorized Post-Petition Transfers from the Debtor to the Defendant subsequent to the Involuntary Petition Date pursuant to § 549(a) of the Bankruptcy Code; (4) holding that the Trustee is entitled to recover from the Defendant pursuant to § 550(a) of the Bankruptcy Code, for the benefit of the Debtor's estate, the sum of $29,377.42, which constitutes the amount of the Unauthorized Post-Petition Transfers made by the Debtor to the Defendant plus interest from the date of demand for return of the Unauthorized Post-Petition Transfers, and also the Trustee's costs and expenses incurred herein; and (5) granting such other and further relief as is necessary and appropriate.

9090991.1

Respectfully submitted, this 2nd day of January, 2006.

                KILPATRICK STOCKTON LLP

|  |  |
|---|---|
| | By: /s/ Daniel A. Fliman |
| 1100 Peachtree Street | Michael D. Langford |
| Suite 2800 | Georgia Bar No. 436220 (admitted pro hac vice) |
| Atlanta, GA 30309-4530 | Daniel A. Fliman |
| (404) 815-6500 | Georgia Bar No. 264401 (admitted pro hac vice) |

                Special Counsel for Plaintiff Elliott D. Levin,
                in his capacity as Chapter 7 Trustee for the Debtor

9090991.1